The final case on the calendar for argument this morning is number 20-3718. Razzano v. Remsenburg-Speonk Union Free School District. Thank you, Jennifer. Thank you very much. My name is Janice Rosano. I'm pro se litigant and appellant. Since January 2009, my civil rights began to be violated. I stood up, and I stood strong. Here it is 12 years later, and I'm continuing to stand up and to stay strong. I respectfully have demonstrated that the documents in my brief and that in this case are not dispositive. The lower court decision must be reversed and remanded to trial court. Summary judgment is reserved for the obvious cases, for the severe cases, the things that they know. There is no fact. This case, there is fact. Point one, the discrimination claim has not been clearly litigated in the courts or in the quasi-judicial courts or agencies. There is yet to be any due process. As far as the discrimination cases, any discrimination within those cases as afforded by the Constitution and for my due process rights. The court has made it clear in their decision on our previous time here that unfortunately without the transcripts and the decision, we cannot determine the nature or the scope of the appellant's arguments in her defense and cannot conclude the certainty of and identify the issues of preclusion. So basically, we've been here before. It was remanded back. And we're here again. Point two, the litigation still continues. There are still pending hearings from the Industrial Board of Appeals, which is the appeal process for the Department of Labor. And from that came subpoenas, which are currently in Suffolk County Supreme Court and awaiting to move forward on those. Those are subpoenas both for witnesses from the school district as well as documents, both previous and employees and current employees documents and then Dr. John Suozzi. So these are things that were brought up in my complaint. And they continue to be current to this day. With summary judgment, everything was from what I understand as my layperson is that all the issues of fact needed to be exposed and then to move on. Sorry, keep moving. Another point is that there was an inquiry to this court about some confidential information that was obtained, I feel, improperly. And I know that you all are still considering that. I have not heard any other decision out of that. Ms. Rosanna, could I ask you a question? Sure. In your Article 75 petition, I understood that you were arguing that your position was cut to halftime and retaliation for your complaints. Is that right? For retaliation, yes. For halftime, yes. And I understood that that issue was highlighted, that you highlighted that in your Article 75 proceeding and that was affirmed by the Second Department that you have a judicial decision on that point, that the court said the record demonstrates that the arbitrator rejected the defense that the disciplinary proceedings were retaliatory in nature, that the court spoke to that. But they did not address the discrimination due to my disability. Your notion is that it's the discrimination claim that survived. I do believe there's also retaliation more on the civil rights aspects of it, which were not addressed. But definitely, you know, the discrimination, as far as my ability. What the retaliation claim was, then? As far as those specific things, you know, that was the 2018 second. 16. 2016? I think so. I may have the date wrong. And that was, again, for the half that was removed to cut me to halftime, which Department of Labor looks at as an adverse employment action. So there's different ways to view different things. OK, you know, your red light is on. So you've reserved two minutes of rebuttal. And so we'll hear from the school district. We have your papers. I know it's difficult to cover everything that you'd like to cover in a short time. Thank you. Yes. Thank you. Good morning, Your Honors. May it please the court. Our first point is that Ms. Rosano, based on the evidence in the record, it's not clear that she is disabled or qualifies as having a disability. This is limited specifically to symptoms that she experiences in the one building that comprises the school district. There are no other buildings that she could have transferred to. And so her job requires her, required her, to be in a building that, for reasons that are unclear, whether it's a medical condition, subjective, something else, she could not be in that building. And the court addressed that issue in the McElwee case in 2012, where an inability to appear in one particular location does not qualify as a disability. We need something more. And here we don't have anything more. It's not clear that this is a medical condition that Ms. Rosano suffers. With respect to the preclusion arguments, she was reduced to half time. And she was subsequently terminated. This complaint was prior to her termination. But one of the issues that was raised were the disciplinary proceedings that ultimately led to her termination. There was a legitimate basis for that. There was a budgetary reason, which is both established through preclusion because of the state court proceedings. And we have the affidavits in this record. So separately, we set forth a prima facie case that there was a budgetary reason for the reduction to half time. And the termination, there is a very strongly worded report from the independent mental health examiner that supported the termination. And both of those have been upheld. So there's been no dispute and there's no contrary evidence that the school district had a legitimate basis for the actions that it's taken. And there was extensive litigation where Ms. Rosano tried to argue that this was pretext. Whether it was pretext because of a public safety complaint, or discrimination, or retaliation, she tried to argue that it was pretext. And it was upheld that this was a legitimate basis for both of the school district's actions. As far as the retaliation versus discrimination, finding that this was not retaliatory is a stronger finding than that there was no discriminatory basis. There would be a motivating factor standard in looking at whether it was retaliatory, whereas a discriminatory basis would be a but-for test. So it would be a higher burden for her to meet. And either way, she did not meet the burden. Before the lower court, there was no competing evidence. There was no, and we understand Ms. Rosano is now representing herself pro se. And she's given the quality of her papers. And her argument is clear that she is able to work in other capacities, just not present in this particular school building. So if there's nothing further, we rest on our brief. If the court has no further questions. Thank you. Thank you. Ms. Rosano, you have two minutes for rebuttal. Thank you. Just quickly again, it's interesting that it says I'm unable to work in that building. And yet, between them trying to get me out on the medical unfit when this started in March of 2009, I continued to work there through 2012. So that is an improper argument. I have been working within that building until they came up with these, in my opinion, bogus charges that were hard to beat when the people of power lie against you. That said, again, I worked three years with that medical condition within the building. As far as I'm saying it's non-existent, we presented the district with numerous letters explaining the medical. And it's all in the paperwork, so I won't go into it. But doctors, and over and over, if it's non-existent disability, then why did the district give me these accommodations in quotes? Because they would give me accommodations and then remove the accommodations. Give me an accommodation and not upkeep the accommodation. So there's this spread we are here in federal court about. This is what we are here to look at. This wasn't brought up in other cases. The accommodations weren't discussed. The doctors and the different disabilities and the point that he brought up, that wasn't discussed in the other cases. And the last thing, the IBA case that's currently pending, it's interesting you brought up the affidavits because those affidavits have been proven through past, through the records that I have, as well as new evidence, which is important to know, that parents have come forward because they no longer fear retaliation from the school district. And giving me the records to show unequivocally that the district has done some wrong actions against me. Thank you, Ms. Rosado. We have your papers. We'll look at them carefully. And we'll reserve decision. We'll try to get you a decision soon. That concludes our calendar for the morning. The clerk will please adjourn court. Court is adjourned.